IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Havensure, LLC, | : | |
| | : | Case No. 1:08-cv-435 |
| Plaintiff, | : | |
| | : | Chief Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING MOTION |
| Prudential Insurance Company of America, | : | FOR JUDGMENT ON THE |
| | : | PLEADINGS |
| Defendant. | : | |
| | : | |

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (doc. 25) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendant seeks judgment in its favor on the grounds that Plaintiff's claims herein are barred by claim preclusion. For the reasons that follow, the Court **DENIES** the Defendant's motion.

I.   BACKGROUND

This case, and a related case pending before Honorable Judge Sandra S. Beckwith,[1] have complicated procedural histories. Plaintiff Havensure, LLC, filed its first suit against Defendant Prudential Insurance Company of America on October 26, 2006. (Havensure v. Prudential Ins. Co. of Am., No. 1:06-cv-721 (S.D. Ohio) ("the First Suit"). Havensure amended its Complaint against Prudential two times in the First Suit. Simplifying the allegations, Havensure alleged in the First Suit that Prudential violated the Sherman Act, 15 U.S.C. § 1, and wrongly interfered in its prospective business relationship with York International Corporation ("York"). (Case No.

---

[1] Judge Beckwith was the Chief Judge for the United States District Court for the Southern District of Ohio on the dates she issued the relevant decisions discussed herein. Judge Beckwith's term as Chief Judge concluded at the end of 2008. Judge Beckwith remains with the District Court as a Senior Judge. She is referred to herein as Judge Beckwith for simplicity.

1:06-cv-721, Doc. 10.)  On April 14, 2008, Judge Beckwith denied Havensure leave to file a proposed Third Amended Complaint in which Havensure would have added allegations that Prudential also sought to interfere with Havensure's prospective business relationship with Carlson Companies, Inc. ("Carlson").  (Id., Doc. 44 at 4.)  Judge Beckwith stated as follows:

> The Court does not find that justice would be served by allowing Havensure to file a third amended complaint. . . .  Havensure was certainly aware of its potential claim against Prudential for the alleged injury related to Carlson when it filed all three of its previous complaints.
>
> . . . Prudential has expended a considerable amount of time, energy and money in defending this case and would be unduly prejudiced if forced to expend more resources defending a claim of which Havensure was aware when it filed its three prior complaints.  For these reasons, Havensure's motion for leave to file a third amended complaint is not well-taken and is **DENIED**.

(Id., Doc. 44 at 4-5.)

After Judge Beckwith denied Havensure leave to amend to add the Carlson-related claims in the First Suit, Havensure initiated this second suit against Prudential in state court on May 23, 2008.  (Havensure v. Prudential Ins. Co. of Am., No. A0805061 (C. P. Hamilton Cty., Ohio May 23, 2008) ("Second Suit")).  On June 26, 2008, Prudential removed the Second Suit to the United States District Court for the Southern District of Ohio.  (Case No. 1:08-cv-435, Doc. 1.)  Havensure re-alleges in this Second Suit the Carlson-related allegations against Prudential that it was not permitted to add to the First Suit.  (Compare Case No. 1:06-cv-721, Doc. 24 Ex. A with Case No. 1:08-cv-435, Doc. 2.)  The primary difference between the proposed pleading in the First Suit and the Complaint in this Second Suit is that Havensure has dropped the federal Sherman Act claim and substituted in its place a similar claim for violation of Ohio Revised Code § 1331.04.  The parties do not dispute that this Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1332.

Prudential then filed in this Second Suit a Motion to Dismiss and a Motion to Transfer. (Case No. 1:08-cv-435, Docs. 4 and 9.)  Prudential argued in the dismissal motion that the Second Suit should be dismissed on the following grounds: (1) it was an improper attempt to circumvent Judge Beckwith's denial of leave to amend; (2) it violated the doctrine against claim-splitting; and (3) it failed to state a claim upon which relief could be granted.  Prudential argued in the transfer motion that the case should be transferred to Judge Beckwith for coordination or consolidation with the First Suit.  This Court denied both the dismissal and the transfer motions. (Id., Docs. 13 and 19.)

Undeterred, on September 18, 2008, Prudential sought clarification in the First Suit from Judge Beckwith regarding her April 14, 2008 Order denying leave to amend.  (Case No. 1:06-cv-721, Doc. 51.)  Also, on October 3, 2008, Prudential filed with the Judicial Panel on Multi-District Litigation ("JPML") a motion to transfer both the First Suit and the Second Suit to the District of New Jersey as "tag-along actions" to MDL No. 1663.  (Case No. 1:08-cv-435, Doc. 20.)

To date, the JPML has not ruled on the motion to transfer the First Suit and Second Suit to MDL No. 1663.  However, on October 21, 2008, Judge Beckwith issued a clarification order and she stated in relevant part:

> Prudential now moves this Court to clarify whether . . . it intended to preclude or foreclose Havensure from pursing a new lawsuit based on [sic] claim that was the subject of the proposed amendment. . . .
>
> Despite the unfortunate procedural posture of the two lawsuits, the answer as to whether this Court intended to preclude Havensure from proceeding with a separate lawsuit in denying leave to amend has to be "no."  Prudential did not request any such relief in opposing Havensure's leave to amend, so the Court cannot now say that the order was intended to have preclusive effect on a subsequent lawsuit.  The Court recognizes that, under similar circumstances,

3

> courts have held that denial of leave to amend is a decision on the merits which constitutes res judicata barring a subsequent lawsuit.  E.g., Professional Mgmt. Assoc., Inc. v. KPMG, LLP, 345 F.3d 1030, 1032-33 (9th [sic 8th] Cir. 2003); Curtis v. Citibank, N.A., 226 F.3d 133, 140 (2d Cir. 2000).  Nevertheless, in the federal system, the first court does not decide the preclusive effect of its judgment. . . .  Judge Dlott will have to determine whether Havensure's new lawsuit is barred by claim preclusion.

(Case No. 1:06-cv-721, Doc. 55 at 2-3.)

After Judge Beckwith issued her October 21, 2008 decision, Prudential filed the instant Motion for Judgment on the Pleadings in this Second Suit.  Prudential asserts in the pending motion that the denial of the motion for leave to amend in the First Suit was a "decision on the merits" which bars by operation of claim preclusion the claims asserted in this Second Suit.  Havensure opposes the pending motion and asserts that its claims in the Second Suit should proceed.

## II.   LEGAL STANDARDS GOVERNING RULE 12(c) MOTIONS

Defendant moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.  The standard for adjudicating a Rule 12(c) motion is the same as that for adjudicating Rule 12(b)(6) motion.  Lindsay v. Yates, 498 F.3d 434, 437 n.5 (6th Cir. 2007).  A district court "must read all well-pleaded allegations of the complaint as true."  Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997).  In addition, a court must construe all allegations in the light most favorable to the plaintiff.  Bower v. Federal Exp. Corp., 96 F.3d 200, 203 (6th Cir. 1996).

The Supreme Court has explained "an accepted pleading standard" that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).  To withstand the dismissal motion, the complaint "does not need detailed factual

allegations," but it must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." Id. at 1964-65. The complaint "must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner, 108 F.3d at 88. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. The Court does not require "heightened fact pleading of specifics, but only enough to state a claim for relief that is plausible on its face." Id. at 1974.

### III. ANALYSIS

The issue in this matter is whether the denial of motion for leave to amend in the First Suit operates to bar Havensure from bringing substantively similar claims in this Second Suit pursuant to the doctrine of claim preclusion, also known as res judicata. "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n. 1 (1984). Claim preclusion bars relitigation if the following four requirements are met:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 528 (6th Cir. 2006) (citation omitted). To satisfy the third and fourth requirements, "there must be an identity of the causes of action that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action." Holder v. City of Cleveland, 287 F. App'x 468, 470-71 (6th Cir. 2008).

Beginning with the second requirement, the Second Suit is between the same parties as

5

the First Suit. As to the third requirement, Havensure attempted to raise the Carlson-related claims at issue in this Second Suit in the First Suit through the proposed Third Amended Complaint. Judge Beckwith denied leave for Havensure to add the Carlson-related claims to the First Suit on the basis that Prudential would have been prejudiced by the untimely addition of the claims to the First Suit. (Case No. 1:06-cv-721, Doc. 44 at 5.) Though Judge Beckwith did not address the issue, Havensure could have raised the Carlson-related claims against Prudential in the First Suit pursuant to Rule 18 of the Federal Rules of Civil Procedure[2] if it had done so in a timely manner. As to the fourth requirement, there is an identity – as to the facts creating the causes of action and the evidence needed to sustain the causes of action – between the claims that Havensure sought to add to the First Suit and the claims that it did assert in this Second Suit.

The remaining issue to be resolved is whether the first requirement for claim preclusion is met. Was the denial of the motion for leave to amend in the First Suit a final decision on the merits? The Sixth Circuit has explained that a decision on the merits for claim preclusion purposes is "one that permanently forecloses a party from advancing a claim or defense." Mitchell v. Chapman, 343 F.3d 811, 822 (6th Cir. 2003). Judge Beckwith's denial of leave to amend did not explicitly foreclose future litigation of the Carlson-related claims. Judge Beckwith found that Havensure acted in an untimely manner in seeking to add the Carlson-related claims and that Prudential would be prejudiced by having to defend the claims in the First Suit  (Case No. 1:06-cv-721, Doc. 44 at 4-5.) Judge Beckwith stated that she did not intend to

---

[2] Rule 18 states that a "party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

preclude Havensure from proceeding in a separate lawsuit when she denied the motion for leave to amend. (Id., Doc. 55 at 2.)

As recognized by Judge Beckwith, the Eighth Circuit has determined that the denial of a motion to amend a complaint is a decision on the merits for purposes of a res judicata analysis:

> Under res judicata, a judgment on the merits in an earlier lawsuit bars a second suit involving the same parties based on the same cause of action. PMA admits the complaint in PMA I involved the same claims and the same parties as this action, and "the complaint in this action is the same as the proposed complaint that [PMA] filed in connection with the motion for leave to amend" in PMA I, which the district court denied. *Because the same parties and claims are involved in both cases, we need only decide whether the denial of the motion to amend was a judgment on the merits. We conclude that it was.*
>
> *The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action.* "[D]enial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." King v. Hoover Group, Inc., 958 F.2d 219, 222-23 (8th Cir. 1992). *This is so even when denial of leave to amend is based on reasons other than the merits, such as timeliness.* Northern Assurance Co. v. Square D Co., 201 F.3d 84, 88 (2d Cir. 2000); Poe v. John Deere Co., 695 F.2d 1103, 1107 (8th Cir. 1982). Thus, the fact that the district court denied leave to amend because of PMA's noncompliance with procedural rules is irrelevant. The denial is a judgment on the merits of the claims in the proposed amended pleading. Thus, the denial of leave to amend in PMA I bars the filing of the same pleading in this lawsuit.

Professional Management Associates, Inc. v. KPMG LLP, 345 F.3d 1030, 1032-33 (8th Cir. 2003) (citations omitted and emphasis added).

The Eighth Circuit cited Northern Assurance Company for the principle that the denial of a motion for leave to amend is res judicata barring a subsequent suit even if the basis for the denial was for a reason other than the merits. Id. at 1032. This Court reads Second Circuit precedent to bar second suits on the basis of the doctrine against claim-splitting, rather than on the doctrine of claim preclusion as defined in this Circuit. In Northern Assurance Company, the

7

Second Circuit stated that "[w]here the plaintiff is seeking to add additional claims against the same defendant and leave to amend is denied, claim preclusion is appropriate." Northern Ass. Co. of Am., 201 F.3d at 88.  The Second Circuit recognized that the decision to deny a leave to amend might not be "on the merits," but rather might be on "factors such as timeliness or convenience."  Id.  The court's basis for applying preclusion was not "the actual decision to deny leave to amend."  Id.  Instead, the basis for its decision was "the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event."  Id.

In a later decision issued that same year, the Second Circuit clarified Northern Assurance Co. and the application of claim preclusion principles to denials of motions to amend.  Curtis v. Citibank, N.A., 226 F.3d 133 (2d Cir. 2000).  The Second Circuit stated that the denial of a motion for leave to amend bars a subsequent suit asserting the same claims *only if* the denial was on the merits.  Id. at 139 (emphasis in the original) ("Only denial of leave to amend on the merits precludes subsequent litigation of the claims in the proposed amended complaint."); see also Oxley v. City of Ecorse, No. 06-15206, 2007 WL 2572025, at *4 (E.D. Mich. Sept. 5, 2007) (applying Michigan law and finding that denial of motion to amend ordinarily is not a decision on the merits for purposes of claim preclusion analysis).  Nonetheless, the Second Circuit again held that claims in the second action which arose "out of the same events as those alleged" in the first action were barred.  Curtis, 226 F.3d at 140.[3]  The court stated that "plaintiffs may not file duplicative complaints in order to expand their legal rights."  Id.  The Second Circuit in a later

---

[3] The Curtis court specifically found that claims in a second suit were not precluded if they were based on events which arose after the first lawsuit was filed.  Id.

case again stated that "[a] district court may dismiss a suit that is duplicative of another federal court suit as part of its general power to administer its docket." Barclay v. Lowe, 131 F. App'x 778, 778 (2d Cir. 2005).

The Court must determine the precedential value of this Eighth and Second Circuit caselaw in this action. The Court has already rejected Prudential's argument that this case should be dismissed on the basis of the doctrine against claim-splitting. (Case No. 1:08-cv-435, Doc. 19.) Therefore, to the extent that the Eighth Circuit and Second Circuit cases cited above were dismissed on the basis of the doctrine against claim-splitting or duplicative actions, as opposed to on the basis of a strict application of claim preclusion, the cases are not persuasive. The issue before the Court is whether the Carlson-related claims are barred by claim preclusion. Only a final decision on the merits – "one that permanently forecloses a party from advancing a claim or defense," Mitchell, 343 F.3d at 822 – has a preclusive effect in this Circuit. See Rawe, 462 F.3d at 528 (stating four requirements for claim preclusion). The Eighth Circuit's holding in Professional Management Associates, that the denial of a motion for leave to amend a complaint is a decision on the merits, has not been adopted in this Circuit. Judge Beckwith's decision to deny Havensure leave to add the Carlson-related claims was based on concerns of timeliness and prejudice, not on the merits of the Carlson-related claims. Judge Beckwith did not intend the decision to permanently foreclose Havensure from asserting the claim in a separate lawsuit. (Case No. 1:06-cv-721, Doc. 55 at 2.)

Moreover, even if the denial of leave to amend was a decision on the merits, the first requirement of the claim preclusion test still would not be satisfied. The Sixth Circuit test for claim preclusion requires a final decision on the merits. Rawe, 462 F.3d at 528. The First Suit,

9

No. 1:06-cv-721, is still pending before Judge Beckwith. Therefore, the decision denying the motion for leave to amend the complaint was not a final decision. Cf. In re Saffady, 524 F.3d 799, 803 (6th Cir. 2008) (stating that a district court has inherent power to reconsider an interlocutory order before the entry of final judgment); Network Commc'ns v. Michigan Tel. Co., 906 F.2d 237, 238 (6th Cir. 1990) (holding that a decision is final for purposes of appeal only when the decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment") (citation omitted). Claim preclusion is inapplicable where there is no prior decision on the merits evidenced by a judgment entered on the record. See Buckles v. Columbus Muni. Airport Auth., No. CS-00-986, 2002 WL 193853, *6 (S.D. Ohio Jan. 14, 2002) (holding that doctrine of claim preclusion was inapplicable where in a prior case there was no final decision because the clerk did not enter a judgment in accordance with Fed. R. Civ. P. 79(a)) aff'd in part, remanded in part, on other grounds 90 F. App'x 927 (6th Cir. 2004).

The lack of a final judgment in the First Suit distinguishes this situation from the Sixth Circuit cases Prudential cites in which the federal court applied state *res judicata* principles to bar a plaintiff from raising claims in federal court that she had been denied leave to add to prior state court actions. For example, in Dubuc v. Green Oak Township, 312 F.3d 736, 747-50 (6th Cir. 2003), the Sixth Circuit applied Michigan law to preclude a federal suit when the plaintiff previously had sought to add the same claim by amendment in a prior state court suit. The state court never ruled on the plaintiff's motion to amend; rather, it dismissed the case with prejudice as a sanction for plaintiff's conduct prior to adjudicating the motion to amend. Id. at 747, 750. The Sixth Circuit found that the dismissal of the prior state court suit had been a decision on the merits. Id. at 747. This satisfied the first element of Michigan's claim preclusion test. Id.

Because of the unusual procedural posture of the prior state court case, the Sixth Circuit had no opportunity to address and did not address whether a denial of a motion for leave to amend is itself a final decision on the merits.

Similarly, the Sixth Circuit applied the Michigan doctrine of res judicata to uphold the dismissal of a civil rights claim in which the plaintiff had been denied leave to add to a prior Michigan state court action. Maiden v. Rozwood, No. 97-1554, 2000 WL 712537, *1-3 (6th Cir. May 23, 2000). The prior state court action in Maiden had been decided on the merits when the state court granted summary judgment to the defendants. Id. at *1. Neither Michigan law case, therefore, suggests that a denial of a motion for leave to amend is itself a final decision on the merits for purposes of res judicata.

In an earlier case, the Sixth Circuit had suggested that a Tennessee chancery court's denial of a motion to amend the complaint to add a claim for breach of a settlement agreement "became a final judgment on the issue" when the plaintiffs did not appeal the decision. Qualicare-Walsh, Inc. v. Ward, 947 F.2d 823, 826 (6th Cir. 1991). The Sixth Circuit upheld the dismissal of a subsequent federal suit asserting the breach of settlement agreement claim on the principles of res judicata. Id. The Sixth Circuit applied a Tennessee res judicata test that did not contain an explicit requirement for a final judgment on the merits. Id. "Res judicata principles apply where a second lawsuit involves the same parties, acting in the same capacities, and touching the same subject matter as the first suit." Id. (citing Whitfield v. City of Knoxville, 756 F.2d 455, 459 (6th Cir. 1985), a case which applied Tennessee law). Moreover, the prior state court suit had been resolved on the merits and a final judgment had been entered prior the filing of the federal suit. Therefore, the Sixth Circuit's statement that the denial of the motion to

11

amend became "became a final judgment on the issue" was not a holding that a denial of a motion to amend is a final decision on the merits for purposes of federal claim preclusion analysis.

In sum, Prudential has not identified any controlling Sixth Circuit law, and the Court is aware of no controlling law, instructing that an interlocutory order denying a motion to amend a complaint is a final decision on the merits for purposes of a claim preclusion analysis. The Court holds that Havensure is not barred by the doctrine of claim preclusion from asserting the Carlson-related claims in this Second Suit because there has not been a final decision on the merits in the First Suit.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (doc. 25) is **DENIED**.

IT IS SO ORDERED.

                                                    s/Susan J. Dlott
                                                    Chief Judge Susan J. Dlott
                                                    United States District Court